**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **JOEY JAMES,** | ) |
| | ) |
| **Petitioner,** | ) |
| | ) |
| v. | ) Case No. 04-CV-449-TCK-SAJ |
| | ) |
| **RON WARD; and** | ) |
| **STEVEN BECK,** | ) |
| | ) |
| **Respondents.** | ) |

## OPINION AND ORDER

Before the Court is Petitioner's 28 U.S.C. § 2254 petition for writ of habeas corpus (Dkt. # 1). Petitioner challenges his convictions entered in Delaware County District Court, Case No. CF-2002-94. Respondent filed a response to the petition, and has provided the state court records necessary for adjudication of Petitioner's claims (Dkt. # 4). Petitioner filed a reply (Dkt. # 6). For the reasons discussed below, the Court finds the petition shall be denied.

### *BACKGROUND*

On March 5, 2003, Petitioner, represented by attorney Christy Wright, entered pleas of guilty in Delaware County District Court, Case No. CF-2002-94, to Robbery with a Weapon (Count 1); Attempting to Elude Police Officer (Count 2); Assault with a Dangerous Weapon (Count 3); Larceny of Automobile (Count 4); Driving While Under the Influence of Alcohol (Count 5); and Driving While License is Suspended (Count 6). The trial court accepted Petitioner's pleas and sentenced him to thirty (30) years on Count 1; twenty (20) years on Count 2; thirty (30) years on Count 3; twenty (20) years on Count 4; five (5) years on Count 5; and one (1) year on Count 6, with the sentences to run concurrently with each other and with Delaware County Case Nos. CF-99-334 and CF-99-

335. See Dkt. # 4, Ex. 2. Petitioner did not seek to withdraw his plea. No direct or *certiorari* appeal was filed.

On October 15, 2003, Petitioner filed a *pro se* "Application for Post-Conviction Relief Appeal Out of Time" in the trial court, asserting his convictions were invalid because (1) he was mentally ill, and the psychologist who stated he was competent to stand trial was not impartial because he was a state employee; (2) the medications Petitioner was taking at the time he entered his plea rendered the plea involuntary; and (3) his attorney was not present at the plea hearing. See Dkt. # 4, Ex. 3. The trial court denied the requested relief by order filed on October 17, 2003 (Dkt. # 4, Ex. 4), and Petitioner appealed to the Oklahoma Court of Criminal Appeals ("OCCA"). On January 15, 2004, the OCCA affirmed the denial of post-conviction relief (Dkt. # 4, Ex. 5). The OCCA noted that Petitioner was found competent to stand trial based upon a report from a treating psychologist, and that it could be concluded from the medical information that Petitioner's medications contributed to Petitioner's competency, rather than defeated it. The OCCA also found that Petitioner's claim that his attorney was only present by phone at the plea and sentencing hearing was without evidentiary support. Id.

Petitioner filed his federal habeas corpus petition on June 1, 2004 (Dkt. # 1), asserting the same claims raised in his state post-conviction proceedings:

Ground 1: Due process rights were violated because the state court obtained a conviction against a mentally ill person.

Ground 2: The court imposed a judgment and sentence while Petitioner was under the influence of drugs (medications).

Ground 3: The state paid employee psychologist was not independent in determining whether Petitioner was mentally ill.

Ground 4: Petitioner's counsel was not present during plea hearing and sentencing.

2

See Dkt. # 1 at 2.

In response to the petition, Respondent asserts that Petitioner's ground three claim is procedurally barred and the remaining claims were properly denied by the OCCA. See Dkt. # 4.

## *ANALYSIS*

**A.  Exhaustion/Evidentiary Hearing**

As a preliminary matter, the Court must determine whether Petitioner meets the exhaustion requirements of 28 U.S.C. § 2254(b), (c).  See Rose v. Lundy, 455 U.S. 509, 510 (1982). Petitioner fairly presented the substance of his claims to the state courts in post-conviction proceedings. Therefore, the exhaustion requirement of 28 U.S.C. § 2254(b) is satisfied.

In addition, the Court finds that Petitioner is not entitled to an evidentiary hearing.  See Michael Williams v. Taylor, 529 U.S. 420 (2000).

**B.  Claims adjudicated by the OCCA**

The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides the standard to be applied by federal courts reviewing constitutional claims brought by prisoners challenging state convictions.  Under the AEDPA, when a state court has adjudicated a claim a petitioner may obtain federal habeas relief only if the state decision "was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  See 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 402 (2000); Neill v. Gibson, 278 F.3d 1044, 150-51 (10th Cir. 2001).  When a state court applies the correct federal law to deny relief, a federal habeas court may consider only whether the state court applied the federal law in an objectively reasonable manner.  See Bell v. Cone, 535 U.S.

685, 699 (2002); Hooper v. Mullin, 314 F.3d 1162, 1169 (10th Cir. 2002). Furthermore, the "determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). In affirming the district court's denial of post-conviction relief, the OCCA adjudicated the issues raised in grounds 1, 2, and 4. Thus, this Court shall review Petitioner's claims previously adjudicated on the merits by the OCCA under § 2254(d).

### *1. Substantive competency (ground 1)*

As his first proposition of error, Petitioner raises a substantive due process competency claim by alleging that when he entered his pleas, he was "a mentally ill person." See Dkt. # 1 at 2. The OCCA rejected on the merits Petitioner's claim challenging his competency, as follows:

> Petitioner also falls short of demonstrating that it was error for the District Court to conclude that each of Petitioner's claims is unfounded. The only proof Petitioner presented to the District Court in support of his claim that he lacked competency at the time of his plea and sentencing was an uncertified copy of what purports to be the first page of the Summary of Facts form filed on the day Petitioner was convicted and sentenced. Petitioner offered no other record or evidence in support of his claim.
>
> The Summary of Facts form is one of the forms to "be utilized by trial courts and parties in the prosecution and appeal of criminal cases in the State of Oklahoma." Rule 13.0, *Rules of the Oklahoma Court of Criminal Appeals,* Title 22, Ch. 18, App. (2003). Petitioner has conveniently omitted that portion of the Summary of Facts form that would contain the trial court's findings as to whether Petitioner, at the time he entered his pleas was competent, "underst[ood] the nature, purpose and consequences of th[e] proceeding," and whether his guilty pleas were "knowingly and voluntarily entered and accepted by the Court." *Id.* at Form 13.10, ¶ 32.

See id. at 2-3. Thus, the OCCA affirmed the state district court's denial of post-conviction relief after determining that Petitioner's challenges to his competency and the voluntariness of his pleas were meritless.

It is well established that "[c]ompetency claims may be based on violations of both procedural and substantive due process." Allen v. Mullin, 368 F.3d 1220, 1239 (10th Cir. 2004). The two types of claims can be distinguished as follows:

> A procedural competency claim is based upon a trial court's alleged failure to hold a competency hearing, or an adequate competency hearing, while a substantive competency claim is founded on the allegation that an individual was tried and convicted while, in fact, incompetent. The standards of proof for procedural and substantive competency claims differ. To make out a procedural competency claim, a defendant must raise a bona fide doubt regarding his competency to stand trial[.] This requires a demonstration that a reasonable judge should have doubted the defendant's competency. It does not require proof of actual incompetency. A substantive competency claim, on the other hand, requires the higher standard of proof of incompetency by a preponderance of the evidence.

Id. (quotations and citations omitted). The distinction between substantive and procedural due process is significant in habeas corpus proceedings because different standards are used in evaluating the claims. Walker v. Attorney Gen., 167 F.3d 1339, 1344 (10th Cir. 1999). Procedural competency claims are subject to waiver, while substantive competency claims are not. See Nguyen v. Reynolds, 131 F.3d 1340, 1346 (10th Cir. 1997). Further, competency to stand trial is a factual question. Bryson v. Ward, 187 F.3d 1193, 1201 (10th Cir. 1999). Competence requires that Petitioner had "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding" and "a rational as well as factual understanding of the proceedings against him." Dusky v. United States, 362 U.S. 402, 402 (1960). A habeas petitioner claiming he was incompetent must present facts sufficient to "positively, unequivocally and clearly generate a real, substantial and legitimate doubt" concerning his mental capacity. Nguyen, 131 F.3d at 1346 (citing United States v. Williams, 819 F.2d 605, 609 (5th Cir. 1987)). A state court's finding of competency is presumed correct and Petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). This Court may not grant habeas relief unless the state

court's competency finding was based on an unreasonable determination of the facts in light of the evidence. 28 U.S.C. § 2254(d)(2).

In this case, Petitioner has failed to rebut the presumption of correctness due the state courts' finding of fact that he was competent. Petitioner has failed to present any evidence supporting his claim that he was incompetent at the time he entered his pleas. The record reflects that on September 10, 2002, the district court reviewed a report from Eastern State Hospital in Vinita, Oklahoma, filed September 6, 2002 (Dkt. # 4, Ex. 6), and found Petitioner to be competent. See Dkt. # 4, Ex. 8; Dkt. # 6 (attached copy of September 10, 2002, docket entry). Further, the "Plea of Guilty Summary of Facts" form, signed by both Petitioner and the district court judge at the time Petitioner entered his pleas, reflects that Petitioner answered affirmatively when asked whether he understood the nature and consequences of the change of plea proceeding. See Dkt. # 1, Ex. A at ¶ 8. Petitioner acknowledged his understanding the sentencing range for each of the five counts. Id. at ¶ 11. He affirmatively indicated that he had talked over the charges with his attorney, and that his attorney had effectively assisted him in the case. Id. at ¶¶ 16, 17. He acknowledged that there was a plea agreement, that the agreed upon sentence was thirty (30) years in DOC custody for Count 1, twenty (20) years for Count 2, thirty (30) years for Count 3, twenty (20) years for Count 4, five (5) years for Count 5, and one (1) year in the County jail for Count 6, all to run concurrent. Id. at ¶ 19. He also stated a factual basis for his pleas. Id. at ¶ 24. Thus, the record demonstrates that prior to the trial court's acceptance of the plea, Petitioner had demonstrated "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding" and "a rational as well as factual understanding of the proceedings against him." Dusky, 362 U.S. at 402.

Upon careful review of the record, the Court finds Petitioner has failed to overcome the presumption of correctness afforded the state courts' factual findings underlying the conclusion that he was competent at the time he entered his pleas of guilty. Accordingly, the Court concludes that Petitioner is not entitled to habeas relief based on the OCCA's adjudication of his incompetency claim. 28 U.S.C. § 2254(d).

### *2. Involuntariness of guilty pleas resulting from medication (ground 2)*

As his second proposition of error, Petitioner argues that his pleas were involuntary because he was "under the influence of medication" at the time he plead guilty. See Dkt. # 1 at 2-3. The OCCA rejected this claim, finding as follows:

> Although the portion of the Summary of Facts form provided by Petitioner does show that Petitioner acknowledged taking those medications he lists within his Application, Petitioner presented no evidence that taking such medications renders an individual incompetent. Relying upon the September 6, 2002, psychological report within the trial court record, Judge Haney found that it was recommended that Petitioner maintain the use of these medications. Thus, the record would suggest that these medications were to contribute to Petitioner's competency rather than defeat it. Apparently Petitioner would have us presume that the taking of any medications whatsoever will automatically render an individual legally incompetent. Petitioner cites no authority for such a presumption, and this court is not aware of any.

Dkt. # 4, Ex. 5 at 3.

In Boykin v. Alabama, 395 U.S. 238 (1969), the Supreme Court held that a guilty plea must be entered into "knowingly and voluntarily." A plea is not voluntary unless the defendant knows the direct consequences of his decision, including the maximum penalty to which he will be exposed. Worthen v. Meachum, 842 F.2d 1179, 1182 (10th Cir. 1988) (stating that critical inquiry is whether defendant knows of maximum possible sentence), *overruled on other grounds*, Coleman v. Thompson, 501 U.S. 722 (1991). Furthermore, it is not necessary that the record reflect a detailed enumeration and waiver of rights as a result of the guilty plea; rather the issue is simply whether the

7

record affirmatively shows that the guilty plea was intelligent and voluntary. Stinson v. Turner, 473 F.2d 913 (10th Cir. 1973). Although a petitioner's statements made at the guilty plea hearing "are subject to challenge under appropriate circumstances," they constitute "a formidable barrier in any subsequent collateral proceeding." United States v. Maranzino, 860 F.2d 981, 985 (10th Cir. 1988) (quoting Blackledge v. Allison, 431 U.S. 63, 74 (1977)); see also Romero v. Tansy, 46 F.3d 1024, 1033 (10th Cir. 1995).

The state court's acceptance of the pleas was premised on the finding that Petitioner's pleas were knowingly and voluntarily entered. Petitioner affirmatively stated that he understood his pleas and agreed with the answers provided on the form. See Dkt. # 4, Ex. 1. Just below the signatures of Petitioner and Judge Haney, Petitioner's attorney stated "I am satisfied that the Defendant's waivers and pleas(s) of guilty are voluntarily given and he/she has been informed of all legal and constitutional rights." Id. at ¶ 29. Upon careful review of the record, the Court finds Petitioner has failed to rebut the state court's finding that his competency was not negatively affected by the medications he was taking at the time of his plea hearing. Accordingly, the Court concludes that Petitioner is not entitled to habeas relief based on the OCCA's adjudication of his challenge to the voluntariness of his pleas. 28 U.S.C. § 2254(d).

### *3. Presence of attorney at plea and sentencing hearing (ground 4)*

In his fourth ground for relief, Petitioner asserts that his Sixth Amendment constitutional right to counsel was violated because his attorney was not present at his plea and sentencing hearing. In support of this claim, Petitioner refers the Court to a copy of the docket sheet attached to his reply (Dkt. # 6) which purportedly reveals that his counsel was not present, other than by phone, "during plea acceptance." Id. Rejecting this claim on post-conviction appeal, the OCCA found:

> Petitioner's claim that his counsel was only present by phone at Petitioner's plea and sentencing is also without evidentiary support. Petitioner derives this conclusion from a February 28, 2003, docket sheet entry that states, "Defendant is present in person and by C. Wright by phone, Defendant advises Court that he will accept plea offer." (O.R. at p.4 of *Felony Docket*.) This entry reflects nothing more than an announcement by Petitioner that he plans to enter pleas of guilty at a future date. Petitioner has misconstrued this docket entry as reflecting that Petitioner on February 28th actually entered his pleas of guilty; however, the entry of Petitioner's guilty pleas was an event that did not occur until March 6, 2003, according to this same docket sheet. The docket entry posted for March 6th states that Petitioner appeared "in person with attorney C. Wright; enters guilty plea, found guilty by Court. . . . " (O.R. at pp. 4-5 of *Felony Docket.*) Consequently, the record supports Judge Haney's conclusion that "Defense Counsel was present during the plea." (O.R. 12.)

Dkt. # 4, Ex. 5 at 4. A review of Petitioner's referenced exhibit attached to his reply reveals that he continues to misconstrue the entry on the docket sheet. Petitioner has highlighted a February 28, 2003, docket entry which states in its entirety:

> Defendant is present in person and by C. Wright by phone, Defendant advises Court that he will accept plea offer. Return 3-5-03 9:30.

See Dkt. # 6, attached exhibit. The plea and sentencing hearing took place on March 5, 2003, not February 28th. See Dkt. # 4, Ex. 1. Judge Haney indicated that all parties were present on March 5, 2003. Id. at 9. Petitioner's attorney signed the "Plea of Guilty - Summary of Facts" form on March 5, 2003, as did Judge Haney and Petitioner. Id. The Judgment and Sentence, dated March 5, 2003,

9

and filed on March 6, 2003, also indicates that "Joey James appears personally and by attorney Christy Wright." See Dkt. # 4, Ex. 2. Petitioner has failed to overcome the presumption of correctness afforded the state court's finding that his counsel was present on March 5, 2003, at his plea and sentencing hearing. Petitioner is denied relief on this claim.

C.     **Procedural bar (ground 3[1])**

As his third proposition of error, Petitioner asserts that the state court's reliance on the September 3, 2002, report of psychologist Samina R. Christopher, Ph.D. (Dkt. # 4, Ex. 6) violated his constitutional rights because Dr. Christopher was a state employed psychologist who had "partiality towards the state." See Dkt. # 1 at 3. Petitioner raised this claim in his post-conviction proceedings, but neither the district court nor the OCCA addressed the merits of the issue. Citing only state law, the OCCA specifically found that claims which could have been raised on direct appeal but were not "will be deemed waived." See Dkt. # 4, Ex. 5 at 2. Respondent argues that Petitioner's claim that an independent psychologist was not appointed should be barred under the procedural default doctrine as it is not a substantive due process challenge, but a procedural one which has been defaulted (Dkt. # 4 at 8-9). The Court agrees that Petitioner has procedurally defaulted this claim.

The doctrine of procedural default prohibits a federal court from considering a specific habeas claim where the state's highest court declined to reach the merits of that claim on independent and adequate state procedural grounds, unless a petitioner "demonstrate[s] cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate[s]

---

[1]     In his "Statement of Issue[s] Presented for Review," Petitioner identifies this claim as his third issue. However, he presents argument in support of this claim under the "Proposition II" heading. See Dkt. # 1.

10

that failure to consider the claim[ ] will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 724 (1991); see also Maes v. Thomas, 46 F.3d 979, 985 (10th Cir. 1995); Gilbert v. Scott, 941 F.2d 1065, 1067-68 (10th Cir. 1991). "A state court finding of procedural default is independent if it is separate and distinct from federal law." Maes, 46 F.3d at 985. A finding of procedural default is an adequate state ground if it has been applied evenhandedly "'in the vast majority of cases.'" Id. (quoting Andrews v. Deland, 943 F.2d 1162, 1190 (10th Cir. 1991)). The Tenth Circuit has recognized that, "Oklahoma's procedural rule barring post-conviction relief for claims petitioner could have raised on direct appeal constitutes an independent and adequate ground" barring federal habeas corpus review. Sherill v. Hargett, 184 F.3d 1172, 1175 (10th Cir. 1999).

In this case, the procedural bar imposed by the OCCA was independent and adequate. Review is precluded, therefore, unless Petitioner "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman, 501 U.S. at 750. Petitioner offers no explanation for his failure to raise the issue in a motion to withdraw his plea or on *certiorari* appeal to the OCCA. See Okla. Stat. tit. 22, § 1051 (providing appeal procedure for convictions taken on plea of guilty). Significantly, the state court records indicate that Petitioner was given notice of the appeal procedure at the time of his conviction, as stated by the district court judge in the Judgment and Sentence:

> The Court further advised the Defendant of his/her rights and procedure to appeal to the Court of Criminal Appeals of the State of Oklahoma, and that if he/she desired to appeal and was unable to afford counsel and a transcript of the proceedings, that the same would be furnished by the State subject to reimbursement of the cost of representation in accordance with Sec. 1355.14 of Title 22.

Dkt. # 4, Ex. 2. Accordingly, the Court finds that Petitioner has failed to show the requisite "cause and prejudice" to overcome the procedural bar.

The fundamental miscarriage of justice exception to the doctrine of procedural bar is applicable only when a petitioner asserts a claim of actual innocence. Herrera v. Collins, 506 U.S. 390, 403-404 (1993); Sawyer v. Whitley, 505 U.S. 333, 339-41 (1992); see also Schlup v. Delo, 513 U.S. 298 (1995). Petitioner makes no such claim. Therefore, Petitioner has failed to demonstrate that he falls within the fundamental miscarriage of justice exception to the procedural bar doctrine.

As a result of Petitioner's failure to demonstrate either "cause and prejudice" or that a fundamental miscarriage of justice would occur if his claim is not considered, this Court is precluded from considering Petitioner's claim relating to the impartiality of the examining psychologist.

## *CONCLUSION*

After careful review of the record in this case, the Court concludes that the Petitioner has not established that he is in custody in violation of the Constitution or laws or treaties of the United States. His petition for writ of habeas corpus shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED** that the petition for a writ of habeas corpus (Dkt. # 1) is **denied**. A separate Judgment shall be entered in this case.

**DATED** this 9th day of July, 2008.

TERENCE KERN
UNITED STATES DISTRICT JUDGE